IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | |
|---|---|
| Michael Vanartsdalen, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:12-2948-MGL |
| v. ) | |
| ) | **ORDER** |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Michael Vanartsdalen ("Plaintiff") brought this action seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina. In her Report and Recommendation, Magistrate Judge West recommends reversing the Commissioner's decision and remanding the case for further administrative proceedings. The Commissioner filed timely objections on February 3, 2014. (ECF No. 20), and Plaintiff filed a response on February 20, 2014. (ECF No. 24). For the reasons stated below, the Court adopts the Report and Recommendation, and reverses the decision of the Commissioner and remands the case for further administrative proceedings.

1

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. "While the level of scrutiny entailed by the Court's review of the Report and Recommendation thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the Court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d

889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## BACKGROUND

On January 31, 2006, Plaintiff filed an application for DIB claiming disability due to knee pain, shoulder pain, back pain, irritable bowel syndrome, panic attacks, and depression. (R. 103-112). Plaintiff's application was denied initially and again upon reconsideration. (R. 148-149). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and a hearing was held on July 9, 2009. (R. 93-129). On November 2, 2009, the ALJ issued a decision finding Plaintiff was not disabled within the meaning of the Act. (R. 150-62). Plaintiff sought review of his case by the Appeals Council and, on September 15, 2010, the Appeals Council remanded the matter back to the ALJ with additional instructions. (R. 165-168). The Appeals Council noted *inter alia* that the ALJ's decision did not contain an adequate evaluation of the medical opinions of Dr. Kenneth E. Nunnery ("Dr. Nunnery"), a treating source. As to treating source opinion(s), the Appeals Council directed the ALJ to:

3

> Give consideration to the treating source opinion(s) pursuant to the provisions of 20 CFR § 404.1527 and Social Security Rulings 96-2p and 96-5p, and explain the weight given to such opinion evidence. As appropriate the Administrative Law Judge may request the treating source to provide additional evidence and/or further clarification of the opinion (20 CFR 404.1512).

(R. 167).

On April 7, 2011, a second hearing was held before the same ALJ who had previously considered Plaintiff's application for benefits. (R. 130-147). The ALJ issued an opinion on August 29, 2011, denying Plaintiff benefits. (R. 30). Plaintiff's request for review from the Appeals Council was denied making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (R. 9-11).

On October 11, 2012, Plaintiff filed the instant action seeking review of the Commissioner's decision arguing that it is not supported by substantial evidence. (ECF No. 1). Plaintiff argues that the ALJ erred by: (1) giving little weight or failing to weigh the opinions of Plaintiff's treating physicians; and (2) failing to consider all of Plaintiff's impairments and providing an adequate discussion to support his RFC assessment. (ECF No. 12).

## DISCUSSION

The Magistrate Judge recommends that the Court reverse the Commissioner's decision and remand this matter back to the ALJ for further administrative proceedings as it is not supported by substantial evidence. (ECF No. 18 at 14). The Magistrate Judge concluded that the ALJ's analysis of the opinions of Dr. Nunnery and Dr. Hayne McMeekin ("Dr. McMeekin") was inconsistent with the mandates of the Treating Physician Rule as the ALJ failed to fully discuss all aspects of the opinions of Dr. Nunnery and Dr. McMeekin, and

failed to discuss the weight attributed to each based upon the factors set forth in 20 C.F.R. § 404.152. The Report, however, does not consider the Plaintiff's remaining arguments that the ALJ's erred in assessing Plaintiff's residual function capacity and Plaintiff's impairments in combination.

In objections filed on February 3, 2014, the Commissioner asserts that the Magistrate Judge erred in finding that the ALJ failed to properly evaluate and explain Dr. Nunnery's and Dr. McMeekin's opinions. The Commissioner contends that the ALJ adequately considered other evidence that supported Dr. Nunnery's opinions. The Commissioner further contends that the ALJ's assignment of limited weight to Dr. Nunnery's opinions reflects that the ALJ considered the other evidence supporting his opinions, but found it was not entitled to controlling weight and, as such, discounted Dr. Nunnery's opinions accordingly. Additionally, the Commissioner asserts that the Magistrate Judge erred in faulting the Commissioner for not assigning an express weight to Dr. McMeekin's 2010 opinion and for failing to discuss Dr. McMeekin's July 2011 opinion. As to Dr. McMeekin's 2010 opinion, the Commissioner argues that "it is clear that the ALJ considered the opinion, and it can be inferred that he assigned the opinion limited weight, at most." (ECF No. 20 at 4). The Commissioner submits that Dr. McMeekin's 2011 opinion was submitted after the ALJ issued his decision, thus the ALJ could not address it. Further, the Commissioner submits that the 2011 opinion duplicated the 2010 opinion that the Commissioner submits was discussed by the ALJ.

Dr. Nunnery and Dr. McMeekin were treating physicians of Plaintiff during the relevant time period. Under the Treating Physician Rule, an ALJ will "typically accord greater weight to the testimony of a treating physician because the treating physician has necessarily examined the applicant and has a treating relationship with the applicant." *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (internal quotation marks omitted). If the treating physician's opinion is supported by clinical evidence or is consistent with other substantial evidence, the ALJ must give it controlling weight. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). But where "a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

When an ALJ chooses to assign less than controlling weight to a treating physician's opinion, the ALJ must "rationally articulate the grounds for her decision." *Steel v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002). Under 20 C.F.R. § 404.1527(c), the ALJ must weigh various factors in deciding the weight due a treating physician's opinion. "[E]ven where the treating physician's opinion is not entitled to 'controlling weight' because it is inconsistent with the other substantial evidence in the case record, the treating physician's opinion should not be wholly rejected." *Zarkowski v. Barnhart*, 417 F. Supp. 2d 758, 765 (D.S.C. 2006).

In light of the standards set forth above, the record in this case, and the briefs and submissions of the parties, the Court has considered the Commissioner's objections to the Magistrate Judge's Report and Recommendation and concludes they must be overruled. The Court is not persuaded by the Commissioner's arguments that the ALJ properly

considered and discounted Dr. Nunnery's opinions.  As fully explained in the Report and Recommendation, the ALJ's analysis of Dr. Nunnery's opinion failed to address the factors set forth in the Treating Physician Rule.  Likewise, the Court is not persuaded by the Commissioner's arguments concerning Dr. McMeekin's 2010 opinion.  Although, the Commissioner contends that the ALJ properly considered Dr. McMeekin's November 2010 opinion and that it can be "inferred that he assigned the opinion limited weight, at most", the Court cannot agree under the present record evidence.  (ECF No. 20 at 4).  As noted by the Magistrate Judge, Social Security Regulation ("SSR") 96-2p requires that an unfavorable decision "must contain specific reasons for the weight given a treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  Here, the ALJ neither assigned a weight to Dr. McMeekin's 2010 opinion nor explained the reasons for such weight as required by SSR 96-2p.  The Court need not discuss the Commissioner's arguments as to Dr. McMeekin's 2011 opinion as it was not referenced in the Magistrate Judge's Report and Recommendation and Plaintiff did not claim that Dr. McMeekin's 2011 opinion warranted remand.  (ECF No. 24 at 7).

      For the reasons set forth herein and in the Report and Recommendation,  the Court finds it appropriate to reverse and remand this matter pursuant to sentence four of 42 U.S C. 405(g) for rehearing and for further consideration of the record evidence, specifically the opinions of Dr. Nunnery and Dr. McMeekin.  As to Plaintiff's remaining allegations of error, the Court notes that consideration of the opinions of Dr. Nunnery and Dr. McMeekin may

render some or all of Plaintiff's remaining issues moot. *See Boone v. Barnhart*, 353 F.3d 203, 211 n. 19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Because the Court remands this case to the Commissioner for further consideration and evaluation of the opinions of Dr. Nunnery and Dr. McMeekin, the Court declines to specifically address Plaintiff's additional allegations of error by the ALJ. However, upon remand, the Commissioner should consider Plaintiff's remaining allegations of error.

.                                              **Conclusion**

The Court has reviewed, *de novo*, the Report and Recommendation and the objections thereto and finds that the Report and Recommendation is proper. After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the Court adopts the recommendation of the Magistrate Judge. This Court cannot conclude that the ALJ's decision to deny benefits was supported by substantial evidence, therefore, it is ORDERED that the Commissioner's decision is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order and the Report and Recommendation.

/s/ Mary G. Lewis
United States District Judge

February 27, 2014
Spartanburg, South Carolina.